AO 440 (Rev. 12/09) Summons in a Civil Action

JUDGE BERMAN

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW Y(

| | |
|---|---|
| HANAYA, INC. ) | |
| _Plaintiff_ ) | Civil Action No. 11 CIV 0552 |
| v. ) | |
| DHL ) | |
| _Defendant_ ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   DHL
33 WASHINGTON STREET
16TH FLOOR
NEWARK, NJ 07102

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Date:   01/26/2011

_Signature of Clerk or Deputy Clerk_

JUDGE BERMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

11 CIV 0552

HANAYA, INC.

**COMPLAINT**

                              Plaintiff,        Civil Action No.

                -against-

DHL

                             Defendants.
-------------------------------------------------------------X

        Plaintiff HANAYA, INC. (hereinafter "HANAYA), by their attorneys The Law Offices of Neal Brickman, PC, as and for their Complaint respectfully set forth as follows:

### NATURE OF PROCEEDING

1.      This is an action seeking to recover property rightfully belonging to HANAYA and unlawfully in the possession of defendant DHL, and, additionally requesting a temporary restraining order pending the Court's decision in the instant matter.

### JURISDICTION

2.      The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of this State and citizens or subjects of a foreign state. Therefore, the subject matter jurisdiction of the Court is conferred by diversity of citizenship pursuant to 28 U.S.C. 1332(a)(2).

1

## VENUE

3.    Venue is proper under 28 USC § 1391(b) in the United States District Court for the Southern District of New York because the offices of Plaintiff, and the intended destination for delivery of the property is New York.

## PARTIES

1.    Plaintiff HANAYA is a New York State Corporation with offices at 53 Carthage Road, Scarsdale, New York, 10583.

2.    Defendant DHL is a foreign corporation with offices located at 33 Washington Street, 16th Floor, Newark, New Jersey 07102.

## STATEMENT OF FACTS

3.    Upon information and belief, the tooling materials that are the subject of the instant application are being held at 300 Middlesex Avenue in Carteret, New Jersey.

4.    HANAYA designed and commissioned the creation of hinge tooling for the reproduction of friction hinges, the primary product sold by HANAYA.

5.    Shinelot Ent. Co., Ltd. (hereinafter "Shinelot") manufactured the tooling based on the design and request of HANAYA. Shinelot is a foreign corporation based in Taipei, Taiwan.

6.    Mark Tsai is the owner of Shinelot.

7. On or about December 8, 2010, Mark Tsai entered into a Non-competition agreement, whereby Mr. Tsai agreed to return to HANAYA any and all confidential information belonging to HANAYA, be it in electronic or tangible form. The tooling itself, along with the design, molds, and other information relating to the tooling was considered under this agreement. A true copy of the Non-Competition agreement is annexed to the Affidavit of Jose Cortes and marked as Exhibit A.

8. The agreement called for the return of this confidential information, including tooling design information, to HANAYA upon the conclusion of the parties business with General Precision Stamping ("GPS").

9. The business relationship with GPS was terminated on or about January 15, 2011, and the tooling that is the subject of that agreement, and the rightful property of HANAYA, is in the possession of defendant DHL.

10. On or about December 1, 2010, Plaintiff placed an order with Shinelot for the hinge tooling materials.

11. Thereafter, an agreement was entered into whereby Shinelot would arrange for delivery of the hinge tooling materials to HANAYA. Annexed to the Affidavit of Jose Cortes and marked as Exhibit B are email correspondence from Mark Tsai, outlining the agreement and requesting payment of $20,000.00 be made by HANAYA on or before December 17, 2010. Mr. Tsai's request was made via email on December 16, 2010.

12. As consideration for the delivery of certain chattel, including the tooling, HANAYA was to pay a $20,000.00 deposit via wire transfer, which HANAYA faithfully did on December 17, 2010; then, upon proof of shipping, HANAYA was to pay another $20,000.00 to Shinelot via wire transfer, which HANAYA faithfully did. Attached the Affidavit of Jose Cortes and marked as Exhibit C is a true copy of HANAYA's wire transfer statements illustrating the wire transfers made to Shinelot.

13. Upon receipt of payment by HANAYA, arrangements were made by HANAYA and Shinelot to have the tooling delivered to HANAYA via DHL.

14. Prior to delivery of the tooling, DHL contacted HANAYA to inform us that they were directed by Shinelot to cease delivery of the tooling to HANAYA and to reroute the tooling back to Shinelot in Taiwan. Upon information and belief, the DHL reference number for the shipment is 6NY116970.

15. Shortly thereafter, clients of HANAYA contacted me to inform me that Shinelot had been attempting to sell them the tooling, or hinges produces by use of the tooling that is the subject of the instant application and is the rightful property of HANAYA.

16. If the tooling is allowed to be sent back to Taiwan, HANAYA will suffer irreparable harm, as it will not be able to manufacture the hinges that are created using the tooling, thus crippling HANAYA, while allowing Shinelot to produce, or allow to be produced, the hinges in unfair competition with HANAYA.

17.     Upon information provided by DHL, DHL is in the process of arranging for the return of the freight, including the tooling to Taiwan. DHL expects the shipment to leave the country for Taiwan by the end of the week of January 24, 2011.

18.     It is worth reiterating, to allow this cargo, including the tooling, which is the property of HANAYA to leave the country for Taiwan and enter into the possession of Shinelot will be cause irreparable harm to HANAYA by denying HANAYA the ability to produce the friction hinges, HANAYA's primary product for sale, while allowing Shinelot to participate in unfair competition by using or selling HANAYA's tooling to HANAYA's customers or potential competitors.

## COUNT I

19.     Plaintiff hereby incorporates the allegations above, paragraphs 1 through 18.

20.     As indicated above, Plaintiff HANAYA is the rightful owner of the chattel, including the tooling integral to the production of hinges, which is currently in the possession of DHL.

21.     DHL is currently in possession of the chattel, including the tooling, and has exerted control over the cargo in question to the exclusion of HANAYA, the rightful owner.

22.     HANAYA has arranged for and requested delivery of the cargo, identified as DHL reference number for the shipment is 6NY116970, and DHL has refused to deliver same to HANAYA, thereby excluding HANAYA from possession and use of its property.

23.     By its actions, DHL has committed conversion of the lawful property of HANAYA.

24.     As such, HANAYA is demands the return of its property, identified as DHL reference

number for the shipment is 6NY116970 which has been wrongfully converted by DHL.

WHEREFORE, Plaintiff respectfully requests judgment as follows; (1) issuing an order directing DHL to deliver the cargo, including the tooling, to HANAYA, (2) restraining DHL from transferring, shipping, or transporting the cargo to anyone other than HANAYA until this Court issues a decision on the instant application, and, further, (3) granting such other and further relief to Defendants as this Court deems just, fit, and proper.

Dated: New York, New York
       January 26, 2011

The Law Offices of Neal Brickman, PC

Neal Brickman, Esq. (NB0874)
Aaron A. Mitchell, Esq. (AM0831)
Attorneys for Plaintiffs
317 Madison Avenue, 21st Floor
New York, New York 10017
Phone: (212) 986-6840
Fax:    (212) 986-7691
E-mail: neal@brickmanlaw.com
        aaron@brickmanlaw.com